UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

SANCHEZ MACEDO GENARO,

Petitioner

v.

TODD BLANCHE, *et al.*,

Respondents

Case No. 2:26-cv-03045-MMD-EJY

ORDER

## I. SUMMARY

Petitioner Sanchez Macedo Genaro, an immigration detainee challenging the lawfulness of his ongoing federal detention, filed a counseled amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 11 ("Petition")) and an application to proceed *in forma pauperis* ("IFP") (ECF No. 10). The Court finds good cause exists to grant the IFP application. Respondents failed to respond to the Petition within the Court-mandated deadline (ECF Nos. 3, 9) or even after Petitioner filed a notice of non-opposition (ECF No. 12). Nor did Respondents request additional time to file a response. For the reasons discussed below, the Court grants the Petition and orders Petitioner be released.

## II. RELEVANT BACKGROUND

Petitioner is a Mexican citizen. (ECF No. 11 at 4 (citing ECF No. 5-1 at 5).) According to the Department of Homeland Security ("DHS") Form I-213 summary, an immigration judge in Arizona ordered Petitioner removed from the United States in 2006. (*Id.* at 4-5 (citing ECF No. 5-1 at 7).) Petitioner later reentered the country, living in California and then Arizona. (*Id.* at 5.) On September 6, 2026 Petitioner was arrested and charged with driving under the influence in Las Vegas, Nevada. (*Id.* (citing ECF No. 5-1 at 7).) Immigration and Customs Enforcement ("ICE") detained Petitioner the next day,

after he was released on his pending charge. (*Id.*) ICE issued a Form I-205 Warrant for Deportation/Removal and a Form I-871 Notice and Order Reinstating Prior Removal Order that same day. (ECF No. 5-1 at 2-4.)[1] Petitioner remains in ICE custody without the opportunity to seek release on bond. (ECF No. 11 at 3.)

## III. DISCUSSION

Petitioner seeks habeas relief on two grounds that challenge the lawfulness of his arrest by ICE. First, Petitioner argues DHS improperly reinstated his alleged prior removal order from 2006. (*Id.* at 8-10.) Second, Petitioner argues ICE improperly executed his arrest warrant. (*Id.* at 10-11.) The Court grants the Petition on this second ground.

Immigration arrests are primarily executed through two types of warrants: Form I-200 Warrants of Arrest and Form I-205 Warrants of Removal/Deportation. *See Ger V. v. Mullin*, No. 26-cv-2543-KMM/DTS, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026). Form I-200 Warrants of Arrest are used to detain noncitizens suspected of immigration violations "up to the time removal proceedings are completed." 8 C.F.R. § 236.1. After removal proceedings completed, if a noncitizen received a "final administrative removal order," they are detained through a Form I-205 Warrant of Removal/Deportation. *Id.* at §§ 241.2, 241.3(a). Only select immigration officials are authorized to issue Form I-205 Warrants of Removal/Deportation. *Compare* 8 C.F.R. § 241.2(a)(1) (immigration officials authorized to issue Form I-205 warrants), *with* 8 C.F.R. §§ 236.1(b)(1), 287.5(e)(2) (much longer list of immigration officials authorized to issue Form I-200 warrants). "Courts in this jurisdiction have consistently found that the failure to follow the procedural protections surrounding arrest warrants are violations of the statutory and due process rights of noncitizens." *Mendez v. Blanche*, No. 2:26-cv-01854-MMD-BNW, 2026 WL 3181693, at *3 (D. Nev. Oct. 23, 2026) (collecting cases).

///

---

[1]Respondents filed Petitioner's Form I-205 warrant and Form I-871 notice but failed to produce the alleged underlying removal order from 2006, despite the Court's order that Respondents produce "all immigration court orders in Petitioner's removal proceedings." (ECF No. 3 at 3.)

ICE issued a Form I-205 warrant upon Petitioner's arrest. (ECF Nos. 11 at 7; 5-1 at 2.) On the Form I-205, the printed name of the signing immigration officer is "C 12720 Knight" and the accompanying title is "Deportation Officer." (ECF No. 5-1 at 2.) However, the implementing regulations do not authorize a Deportation Officer to sign a Form I-205 warrant. *See* 8 C.F.R. § 241.2(a)(1); *Mendez v. Blanche*, 2026 WL 3181693, at *3 (concluding that a "Deportation Officer" was not authorized to sign an immigration arrest warrant and therefore finding that the elevant warrant failed to comply with binding regulations). The signature line contains an additional handwritten note: "For (A)SDDG #13812." (ECF No. 5-1 at 2.) Petitioner identifies this acronym as Acting Supervisory Detention and Deportation Officer. "Group Supervisors" are among the immigration officials authorized to issue Form I-205 warrants. 8 C.F.R. § 241.2(a)(1)(xi). However, as Petitioner notes, Acting or even Assistant supervisors are not included on the list. (ECF No. 11 at 10.) Moreover, it is unclear how an unauthorized Deportation Officer could lawfully sign on behalf of an authorized immigration official. (*Id.*)

Because Respondents failed to provide a Court-ordered response to the Petition, they waive the argument that this signing official was somehow authorized to issue this Form I-205 warrant. *See United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (explaining that the court need not address an argument "because the U.S Attorney waived this argument by failing to address it in his answering brief"). The Court concludes this improperly issued Form I-205 "does not supply immigration authorities the power to arrest or detain noncitizens like Petitioner[.]" *Djiwaje v. Bondi*, No. 2:26-cv-00344-RFB-MDC, at *5 (D. Nev. Apr. 6, 2026); *see Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2 (D. Minn. Jan. 21, 2026) (collecting cases where judges concluded "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).").

In sum, the Court finds Respondents' failure to comply with binding regulations surrounding issuance of arrest warrants is a violation of Petitioner's statutory and due process rights and immediate release is the appropriate remedy. *See Escobar Nerio v.*

*Blanche,* No. 2:26-cv-02010-MMD-NJK, 2026 WL 2983494, at *3 (D. Nev. Oct. 5, 2026) (finding an immigration warrant out of compliance with regulations rendered the resulting detention "invalid *ab initio*" and ordering release) (citation omitted).

## IV. CONCLUSION

The Court notes that Petitioner made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that Petitioner's IFP application (ECF No. 10) is granted.

It is further ordered that the Petition (ECF No. 11) is granted. Respondents must immediately release Petitioner no later than 5:00 PM on Tuesday, November 17, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that Respondents ensure ICE returns all of Petitioner's personal property in their possession at the time of Petitioner's release.

It is further ordered that the parties shall file a joint status report by Wednesday, November 18, confirming Respondents' compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 16th Day of November 2026

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE